STATE OF VERMONT

SUPERIOR COURT                                  ENVIRONMENTAL DIVISION

| | |
|---|---|
| In re RL Vallee, Inc. et al. MS4 | Docket No. 122-10-16 Vtec |
| Diverging Diamond Interchange A250 | Docket No. 169-12-16 Vtec |
| Diverging Diamond Interchange SW Permit | Docket No. 50-6-16 Vtec |

**Decision on Motion to Coordinate Appeals**

This decision addresses Appellant RL Vallee, Inc.'s motion to coordinate three separate matters pursuant to V.R.E.C.P. 2(a). The Vermont Agency of Natural Resources and Agency of Transportation oppose coordination.

RL Vallee, Inc. (Vallee) filed the motion to coordinate with supporting memorandum on January 12, 2017. The Agency of Transportation (VTrans) filed an opposition on January 27, 2017, and the Agency of Natural Resources (ANR) filed its opposition on January 30, 2017.[1] Vallee filed a reply in support of coordination on February 10, 2017.

Vallee is represented by Jon T. Anderson, Esq. and Alexander J. LaRosa, Esq., VTrans is represented by Justin E. Kolber, Esq. and John K. Dunleavy, Esq., ANR is represented by Leslie A. Welts, Esq. and Hannah W. Smith, Esq.

Other parties to one or more of these matters, including Conservation Law Foundation the Natural Resources Board, and Timberlake Associates, LLP have submitted no filings regarding the motion under consideration.

---

[1] On December 22, 2016, ANR had filed, in the MS4 appeal only, an opposition to coordination of the MS4 appeal and the stormwater appeal. This opposition was filed in response to Vallee's request at a November 21, 2016 status conference that the Court coordinate the two matters. The Act 250 appeal was not in play at that time because Vallee only filed its notice of appeal in the Act 250 matter on December 22, 2016. ANR's January 30, 2017 opposition expressly incorporates the arguments set out in its December 22, 2016 opposition.

## Legal Basis for Coordination

This Court has discretion to coordinate appeals as follows:

On motion of a party, or on the court's own motion, where the same violation or project involves multiple proceedings that have resulted or may result in separate hearings or appeals in the Environmental Court, or where different violations or projects involve significant common issues of law or fact, the court may advance, defer, coordinate, or combine proceedings and may make other orders that will promote expeditious and fair proceedings and avoid unnecessary costs or delay.

V.R.E.C.P. 2(b); see also 10 V.S.A. § 8504(g) ("The Environmental Division may consolidate or coordinate different appeals where those appeals all relate to the same project.").

## Background

In the matter of In re Vallee, Inc. et al. MS4, Docket No. 122-10-16 Vtec (the MS4 appeal), Vallee alleges that VTrans is not in compliance with its Vermont Small Municipal Separate Storm Sewer System (MS4) General Permit due to phosphorus discharges from the MS4 in the Town of Colchester and City of Winooski into Sunnyside Brook and Lake Champlain.

In the matter of Diverging Diamond Act 250 Appeal, Docket No. 169-12-16 Vtec (the Act 250 appeal), Vallee challenges the issuance of an Act 250 permit to construct a Diverging Diamond Interchange (DDI) at U.S. Routes 2 and 7 and I-89 Exit 16; to regrade, expand, and resurface portions of Routes 2 and 7; and to expand and add lanes to nearby roads (collectively, the DDI project), all in the Town of Colchester.

In the matter of Diverging Diamond SW Permit, Docket No. 50-6-16 Vtec (the stormwater appeal), Vallee challenges the issuance of a stormwater permit issued by ANR to VTrans to discharge stormwater runoff from the same DDI that is challenged in the Act 250 appeal.

## Discussion

We agree that the stormwater appeal and the Act 250 appeal involve the same project: the DDI. The Act 250 permit authorizes the construction of the DDI project. Land Use Permit #4C1271. The stormwater permit "grant[s] permission to discharge stormwater runoff from the" DDI. Stormwater Discharge Permit No 6946-INDS at 1. The stormwater and Act 250 appeals will also "involve significant common issues of law [and] fact." V.R.E.C.P. 2(b). Both appeals involve issues of fact related to the nature of the stormwater runoff from the DDI into Sunnyside Brook, and the measures taken by VTrans to manage that runoff. Both appeals also involve legal issues

tied to compliance with the Vermont Stormwater Rules and the Vermont Stormwater Management Manual. Because the two appeals involve the same project, and common issues of law and fact, we conclude that coordination at this time "will promote expeditious and fair proceedings and avoid unnecessary costs or delay." V.R.E.C.P. 2(b). For this reason, the motion to coordinate is **GRANTED** for the stormwater and Act 250 appeals.[2]

We do not find the same degree of commonality when it comes to the MS4 permit.

First, the matters do not involve the same project. While the stormwater and Act 250 appeals are limited to the DDI project, the MS4 permit appeal involves discharges from VTrans facilities and state highways in Urbanized Areas, not just the DDI project.

Second, the matters do not turn on common issues of law. As set out above, the stormwater and Act 250 appeals involve compliance with compliance with the Vermont Stormwater Rules and the Vermont Stormwater Management Manual. The MS4 appeal involves compliance with conditions in the MS4 permit and associated VTrans authorization and Stormwater Management Plan.

In addition, we do not believe that coordinating the MS4 appeal with the other two matters will serve to "promote expeditious and fair proceedings and avoid unnecessary costs or delay." V.R.E.C.P. 2(b). ANR points out that coordinating in spite of the different legal standards would risk confusing the matters. ANR and VTrans also argue that the MS4 appeal involves purely legal questions that can be resolved through pretrial motion practice. If this is the case, then coordinating with the other two matters on appeal would not help expedite resolution of the MS4 appeal.

For these reasons, the motion to coordinate is **DENIED** for the MS4 appeal. This denial is made with the caveat that the Court may be amenable to coordinating all three matters if the MS4 appeal is not resolved through motion practice, and if the Court determines that coordination is appropriate under V.R.E.C.P. 2(b).

---

[2] If at some future stage of these proceedings the Court becomes aware that coordination will no longer serve to promote expeditious and fair proceedings and avoid unnecessary costs or delay, we may undo coordination of the two matters.

**Order**

1. The motion to coordinate <u>Diverging Diamond Act 250 Appeal</u>, Docket No. 169-12-16 Vtec and <u>Diverging Diamond SW Permit</u>, Docket No. 50-6-16 Vtec is **GRANTED**.

2. The motion to coordinate <u>In re Vallee, Inc. et al. MS4</u>, Docket No. 122-10-16 Vtec with the Act 250 and stormwater appeals is **DENIED**.

3. On or before Friday, March 24, 2017, the parties are to file a stipulated motion schedule for <u>In re Vallee, Inc. et al. MS4</u>, Docket No. 122-10-16 Vtec, to further expedite resolution of this matter.

Electronically signed on March 17, 2017 at 12:47 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division